FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

SEP - 7 2005

Civil Action No. 05-cv-00418

GREGORY C. LANGHAM
CLERK

STEVEN E. HESTER,

        Plaintiff,

v.

GARY KNOX, Correctional Counselor,
B.O.P., et al.,

        Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Steven E. Hester is in the custody of the United States Bureau of

Corrections and currently is incarcerated at the United States Penitentiary,

Administrative Maximum (ADX), in Florence, Colorado. He submitted to the Court *pro*

*se* a complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of*

*Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993).  He also submitted an

index of supporting facts and exhibits that is over two inches thick.  Mr. Hester has been

granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C.

§ 1915 (Supp. 2005).

The Court must construe the complaint and the supporting index liberally

because Mr. Hester is representing himself.  *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the

Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the

reasons stated below, Mr. Hester will be ordered to file an amended complaint.

The Court has reviewed the complaint and the supporting index and finds that they are deficient because they fail to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  A complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a).  "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." *Blazer v. Black*, 196 F.2d 139, 144 (10th Cir. 1952).  The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The complaint and supporting index are verbose. Mr. Hester asserts claims alleging excessive force; constant death threats; coverups of sexual misconduct by Dr. Leyba, who is not a named defendant; the medical staff's refusal to treat multiple injuries inflicted by prison officers; gross malpractice and negligence in performing surgeries; denial of medical care; denial of access to the courts, to the law library, and

2

to legal materials; falsification of records concerning his psychological and medical condition; and his classification and placement. However, he fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). He apparently expects the Court to sift through his complaint and the supporting index to determine his claims and his efforts to exhaust the BOP's three-step administrative grievance process as to his claims. That is not the Court's job. It is Mr. Hester's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him.

Mr. Hester also fails to name as defendants the individuals allegedly responsible for violating his constitutional rights. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hester must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Hester is reminded that 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).

3

Therefore, Mr. Hester should name as defendants in the amended complaint the individuals he believes actually violated his rights.

Mr. Hester's complaint is deficient and subject to dismissal. A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). Although the complaint must be construed liberally, the Court should not assume the role of advocate for the *pro se* litigant. *See Hall*, 935 F.2d at 1110. A complaint must specify, simply and concisely, the specific claims for relief the plaintiff is asserting.

The Court finds that the complaint and supporting index do not meet the requirements of Fed. R. Civ. P. 8(a) and that Mr. Hester should be given an opportunity to file an amended complaint that clarifies the claims for relief he is asserting. Mr. Hester will be ordered to file an amended complaint that is brief and concise and in which he alleges specific facts to support each claim, to demonstrate how each defendant personally participated in the asserted constitutional violations, and to demonstrate his efforts to exhaust the BOP administrative grievance process. The amended complaint must stand on its own and not refer to or incorporate by reference either the original complaint or the supporting index. He will be directed to submit an amended complaint below. Accordingly, it is

ORDERED that Mr. Hester file **within thirty (30) days from the date of this order**, an original and a copy of an amended complaint that clarifies the claims for relief he is asserting as directed. It is

4

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint" and shall be filed with the clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Hester, together with a copy of this order, two copies of the following form to be used intact to submit the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Hester submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Hester fails **within thirty (30) days from the date of this order** to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction, the complaint and the action will be dismissed without further notice. It is

DATED at Denver, Colorado, this _7_ day of ___September___, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 05-cv-00418-OES

Steven E. Hester
Reg. No. 24733-037
ADX – Florence
P.O. Box 8500
Florence, CO 81226

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _9-7-05_

GREGORY C. LANGHAM, CLERK

By: _____
                  Deputy Clerk